# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICK LEHECKA<br><br>　　　　Plaintiff<br><br>　v.<br><br>DREXEL UNIVERSITY<br><br>　　　　Defendant | CIVIL ACTION<br><br>NO.:<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff, Nick Lehecka, by and through his undersigned counsel, hereby submits this Complaint against Defendant, Drexel University ("Drexel") and states:

1. Lehecka brings this charge of discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), Rehabilitation Act of 1973, 20 U.S.C. § 701, *et seq.* ("Section 504") the Pennsylvania Fair Educational Opportunities Act, 24 P.S. § 5001 *et seq.* ("PFEOA"),(and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA").

2. Plaintiff is an adult individual residing at 6653 Lookout Rd A106, Boulder, Colorado.

3. Defendant, Drexel, is a private, non-profit university, with its principal place of business at 3141 Chestnut Street, Philadelphia, Pennsylvania.

4. Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") against Drexel on or about December 18, 2018.

5. Plaintiff received a Right to Sue letter from the PHRC on or about December 23, 2019.

6. This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1132. This Court has subject matter jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant as Drexel maintains its principal place of business in this District.

8. Venue is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events, acts or practices giving rise to the claims alleged in this Complaint occurred in this District.

9. Lehecka was enrolled in Drexel University's LeBow College of Business ("Drexel") PhD Program (the "Program") effective in the Fall of 2017.

10. On or about October 17, 2018, Lehecka was dismissed from the Program.

11. At the time of his dismissal, Lehecka notified Defendant that he was struggling with symptoms of autism.

12. Autism is a "disability" as that term is defined by the ADA, Section 504, the PHRA and the PFEOA.

13. In the alternative, Drexel regarded Plaintiff as disabled at all times relevant hereto.

14. Specifically, Lehecka disclosed his disability to Dan Van Knippenberg, his advisor and a professor at Drexel, in the Fall of 2017 in the context of difficulties he was having with Professor Daniel Tzabbar.

15. Van Knippenberg specifically advised Lehecka to share the characteristics of his disability with Professor Tzabbar but not to tell Professor Tzabbar his specific diagnosis.

16. Lehecka shared those characteristics with Professor Tzabbar, who assured Lehecka that he was performing well in his class.

17. In December 2017, Professor Tzabbar nevertheless gave Lehecka a poor grade in his class and Lehecka was dismissed from the Program.

18. On December 20, 2017, Drexel reversed the decision to dismiss Lehecka from the Program. The reversal was specifically based on Professor Tzabbar's different treatment of Lehecka in comparison to other students who did not have a disability.

19. Professor Tzabbar's poor grade was based on his discrimination against Lehecka based on his disability.

20. At this time, Lehecka also disclosed his disability to other members of the Drexel faculty and administration.

21. On January 5, 2018, Lehecka was placed on academic probation based on the poor grade given to him by Professor Tzabbar, and thus the probation was the result of discrimination in violation of the ADA, Section 504, the PHRA and the PFEOA.

22. Thereafter, on several occasions, Lehecka attempted to discuss the difficulties he was having with his disability and the academic probation.

23. Van Knippenberg advised Lehecka that he should seek reversal of the academic probation.

24. Lehecka sought reversal of academic probation from Chris Laincz, Director of the Program.

25. As part of the request, Lehecka stated that if the probation was not reversed, he would ask for an investigation of his complaints regarding discrimination.

26. Thereafter, at the request of Laincz, due dates for projects were moved up, causing Lehecka to miss the new, impossible to meet, deadlines.

27. Thus, Drexel retaliated against Lehecka for complaining about mistreatment on the basis of his disability.

28. No accommodations were ever made for Lehecka's disability, despite these discussions.

29. Further, Lehecka was subjected to harassment on the basis of his disability.

30. Lehecka struggled to maintain the burdens of the improper academic probation and the lack of accommodation for his disability but was dismissed from the Program on June 20, 2018.

31. He timely challenged the dismissal, and filed a complaint regarding his treatment, but was not given an opportunity to refute the factual findings made by Drexel.

32. His appeal was denied, and he was formally dismissed on October 18, 2018.

33. Lehecka was dismissed despite his compliance with the requirements of academic probation with the exception of the paper for which the deadline was changed.

34. Lehecka was not provided with sufficient due process with regard to his dismissal in June of 2018.

35. Drexel thus blatantly and explicitly discriminated and retaliated against Lehecka on the basis of his disability.

36. Drexel failed to accommodate Lehecka's disability as required by the PFEOA and the PHRA.

37. There was no legitimate reason for Drexel's dismissal of Lehecka from the Program.

38. Any reasons asserted by Drexel are a pretext for its discrimination and failure to accommodate.

39. Lehecka incurred damage as a result of Drexel's violations of PFEOA and the PHRA

## COUNT I
## PFEOA

40. Lehecka incorporates by reference the foregoing paragraphs as if more fully set forth herein.

41. Drexel is an "educational institution" as defined by the PFEOA.

42. The PFEOA prohibits Drexel from expelling, punishing or otherwise discriminating against a student on the basis of his disabilities.  24 P.S. §  5004.

43. The Act also prohibits Drexel from penalizing a person who initiates proceedings under the Act.  *Id*.

44. Drexel punished, expelled, and otherwise discriminated against Lehecka on the basis of his disability.

45. Drexel penalized Lehecka for complaining about this discrimination.

46. Drexel's actions violate the PFEOA.

47. Lehecka was damaged as a result of Drexel's discrimination and retaliation.

WHEREFORE, Lehecka demands damages including reinstatement, reimbursement of tuition and fees, compensatory damages, attorneys' fees and costs, and interest, in an amount that exceeds $75,000.

## COUNT II
## ADA and PHRA

48. Lehecka incorporates by reference the foregoing paragraphs as if more fully set forth herein.

49. Lehecka was qualified for continuation in the academic program, and to be excused from academic probation.

50. Lehecka was placed on academic probation, dismissed from the program and retaliated against.

51. Lehecka had a disability, specifically, autism.

52. In the alternative, Drexel regarding Lehecka as a person with a disability on the basis of his communications with Drexel relating to his autism.

53. Lehecka was treated differently, placed on academic probation and improperly continued on academic probation, and terminated solely because of his disability, either actual or perceived.

54. When Lehecka complained about this conduct, Drexel retaliated against him by continuing his academic probation, and otherwise making it impossible for him to keep up with his academic work.

55. Both the PHRA, and the ADA, including Section 504 of the ADA, prohibit Drexel from discriminating against Plaintiff on the basis of his disabilities, refusing to accommodate his disability and retaliating against Lehecka for complaining about discrimination.

56. As a result of Drexel's unlawful conduct, Lehecka has suffered damages.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests this Court to enter judgment in his favor for compensatory damages, liquidated damages, attorneys' fees and costs, interest, in an amount that exceeds $75,000, and award such other and further relief as may be just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

s/Patricia Collins
Patricia Collins, Esquire
Attorney for Plaintiff
ANTHEIL MASLOW & MACMINN, LLP
131 W. State Street
Doylestown, PA  18901
(215) 230-7500
Attorney I.D. #78648
pcollins@ammlaw.com